## UNITED STATES CIRCUIT COURT.

CHRISTOPHER BISCHOFF and others agt. HUGH MAXWELL, Collector, &c.

The collector has no right to exact of the owner of goods a penalty of twenty per cent on their value, for under valuation, under the 8th section of the act of Congress of 1846, where it appears from the oath of the owner on the original invoice, certified by a consul, that the owner was the *manufacturer*.

Such a case falls within the 17th section of the tariff act of 1842, which imposes a penalty of fifty per cent of the *duty*.

*New York, October,* 1859.

THIS suit was brought against the collector, to recover back a penalty of twenty per cent on the value of the

goods for under valuation of silks, entered at the custom house, under the 8th section of the act of 1846. The penalty amounts to $508.20.

MR. GRISWOLD, *for plaintiffs.*
MR. HUNT, *for defendant.*

NELSON, C. J.   The ground upon which the suit is sought to be sustained is, that the goods were imported by the manufacturers, and the case therefore not within the above 8th section, as that is limited to importations of goods purchased.   The fact appears from the oath of one of the owners on the original invoice, certified by the consul, that they were the manufacturers, which must have come under the notice of the collector, and of which the appraisers at the customs must be deemed to have been advised.   It is also fully confirmed by the evidence on the trial.   Protest was duly made against the payment of the penalty, and the exaction, therefore, was not warranted by law, as already decided.

But the case falls within the 17th section of the tariff act of 1842, which imposes a penalty of fifty per cent of the duty.   The plaintiffs are therefore entitled only to the amount exacted, after deducting the fifty per cent penalty, with interest.   The clerk will settle the amount for which judgment is to be entered, if not agreed on by counsel.

——◆●——

[ ERRATUM. ]

By a foolish blunder of the AUTHOR, (not of the *printer*, who usually has to father such mistakes,) in the case of *Mygatt* agt. *The N. Y. Protection Ins. Co., ante page* 61, (No. 1,) at the end of the opinion it is stated, " COMSTOCK, DAVIES, BACON, CLERKE and WRIGHT, *Judges, were for affirmance.*"   Please read for " affirmance," *reversal*, as the fact was.